# Appointment of a Senate-Confirmed Nominee

The President is not legally obligated to appoint a nominee to whom the Senate has given its advice and consent. Until the President takes the final public act necessary to complete the appointment, which in the case of a Senate-confirmed official is customarily evidenced by the President's signing the commission, the President retains full discretion not to appoint the nominee.

October 12, 1999

MEMORANDUM OPINION FOR THE COUNSEL TO THE PRESIDENT

You have asked whether the President has a legal duty to appoint and commission a nominee once the Senate has given its advice and consent to the nomination. It has long been established that the President, until he takes the final public act necessary to complete the appointment, retains the full discretion not to appoint a nominee. The appointment is the voluntary act of the President, and the consent of the Senate does not place him under any legal obligation. Accordingly, until the President makes the appointment, which in the case of a Senate-confirmed official is customarily evidenced by the President's signing a commission, the Constitution commits to the President's sole discretion whether to appoint the nominee.

Article II of the Constitution provides that, except as to certain inferior officers, the President "shall nominate, and by and with the Advice and Consent of the Senate, shall appoint . . . all . . . Officers of the United States" and that the President "shall Commission all the Officers of the United States." U.S. Const. art. II, § 2, cl. 2; § 3. The Constitution thus calls for three steps before a presidential appointment is complete: first, the President's submission of a nomination to the Senate; second, the Senate's advice and consent; third, the President's appointment of the officer, evidenced by the signing of the commission. All three of these steps are discretionary. Even after the Senate's advice and consent, up to the moment that the President signs the commission, he can grant or withhold an appointment in accordance with his will and judgment.

Chief Justice Marshall's opinion for the Supreme Court in *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 155–58 (1803), examined in detail the President's discretion over appointments. *See also id.* at 162, 167. The Court stated that the President's appointment of an officer "is . . . a voluntary act, though it can only be performed by and with the advice and consent of the senate." *Id.* at 155. As Justice Story explained in his *Commentaries on the Constitution*,

> Upon the fullest deliberation, the court were of opinion that, when a commission has been signed by the President, the appointment is final and complete. The officer appointed has then conferred on him legal rights, which cannot be resumed. *Until that, the discretion*

*of the President may be exercised by him as to the appointment;*
but, from that moment, it is irrevocable.

2 Joseph Story, *Commentaries on the Constitution of the United States* § 1546, at 371 (Melville M. Bigelow ed., 5th ed. 1994) (emphasis added). *See also* 3 Westel Woodbury Willoughby, *The Constitutional Law of the United States* § 987, at 1506 (2d ed. 1929).

The courts have continued to apply the principle set out in *Marbury v. Madison*. In *D'Arco v. United States*, 441 F.2d 1173 (Ct. Cl. 1971), the court held that a military officer had not been promoted even though the Senate had confirmed his nomination, because no commission had been signed: "Chief Justice Marshall's reasoning teaches that, even if the office had been for a term of years, like Marbury's, the executive could still refuse to complete the appointment, after Senate confirmation, by failing to prepare or sign the commission." *Id.* at 1175. *See also National Treasury Employees Union v. Reagan*, 663 F.2d 239, 242 (D.C. Cir. 1981) ("For more than one hundred and seventy-five years, the rule as to when an appointment takes place has been clear: 'when the last act to be done by the [appointing authority] was performed.'" (quoting *Marbury v. Madison*, 5 U.S. (1 Cranch) at 157)).

This principle has been repeatedly recognized in the authoritative legal judgments of the executive branch. In 1843, for example, the Attorney General wrote that the President's nomination and the Senate's advice and consent "serve but to indicate the purpose of the President to appoint, and the consent of the Senate that it should be effectuated; but they do not divest the executive authority of the discretion to withhold the actual appointment from the nominee." *Appointments to Office — Case of Lieutenant Coxe*, 4 Op. Att'y Gen. 217, 219 (1843). In 1931, the Attorney General stated that the Appointments Clause

> contemplates three steps. There is, first, the nomination, which is a mere proposal. Next comes action by the Senate consenting or refusing to consent to the appointment. Finally, if the Senate consents to the appointment there follows the executive act of appointment. It has long been recognized that the nomination and the appointment are different acts, and that the appointment is not effected by the Senate's so-called confirmation of the nomination. After the Senate has consented to the appointment, the nominee is not entitled to the office until the consent is followed by the executive appointment. After a nomination is sent to the Senate and has received the approval of that body, the President may, having changed his mind, decline to make the appointment.

*Legality of Appointment of Certain Members of the Federal Power Commission*, 36 Op. Att'y Gen. 382, 384–85 (1931); *accord Nominations for Prospective Vacancies on the Supreme Court*, 10 Op. O.L.C. 108, 109 (1986) ("Confirmation does not confer any rights on the nominee; the President remains free to decide that he does not want to make the appointment, which is not legally completed until the execution of the commission."). *See also, e.g., President's Power to Fill Vacancies in Recess of the Senate*, 12 Op. Att'y Gen. 32, 42 (1866); *Case of Virgil S. Eggleston*, 13 Op. Att'y Gen. 44, 45 (1869); *Relief of Fitz John Porter*, 18 Op. Att'y Gen. 18, 25–26 (1884).[1]

The Comptroller General, an officer in the legislative branch, likewise has acknowledged that the President may withhold an appointment after confirmation by the Senate. *Appointments and Promotions — Presidential Appointees and Per Diem Experts — Social Security Board Appropriation Limitations*, 17 Comp. Gen. 249, 252 (1937) ("The nomination is not an appointment; neither is the confirmation. The nomination and confirmation serve but to indicate the purpose of the President to appoint and the consent of the Senate that the appointment may be made thereafter. They do not divest the executive authority of the discretion to withhold the actual appointment. That discretion may be exercised at any time before the commission is actually signed." (internal quotation and citation omitted)).

We therefore conclude that even after the Senate gives its advice and consent, the President lawfully may decline to appoint a nominee.

DANIEL L. KOFFSKY
*Acting Deputy Assistant Attorney General*
*Office of Legal Counsel*

---

[1] In 1895, the Acting Attorney General concluded that a Senator's appointment to an executive office was barred by the clause of the Constitution forbidding appointment of a member of Congress to a position for which the salary was increased during that member's elected term According to the opinion, the Senator was appointed on February 23, 1895, the date he was nominated and confirmed, rather than March 5, 1895, the date his commission was signed. *Member of Congress—Appointment to Office*, 21 Op. Att'y Gen 211 (1895) The opinion arguably could be read to equate the Senate's advice and consent with the appointment. However, because the commission had been backdated to February 23, and the appointee had been sworn in on March 4, the last act necessary to make the appointment, under the peculiar facts of the case, could be taken to have occurred before the signing of the commission. *See id.* at 212, 214; *see also Marbury*, 5 U S (1 Cranch) at 156 ("if an appointment was to be evidenced by any public act other than the commission, the performance of such public act would create the officer").